# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JOHN CLOUSE,

      Plaintiff,

-vs-

COUNTY OF VAN BUREN, and
DEPUTY RANDY WHITMORE,

      Defendant.

Case No:
Hon.

_____

JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
Attorneys for Plaintiff
**Marko Law, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 771-5785
michael@markolaw.com
_____

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.
_____

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff John Clouse, by and through his attorneys, Marko Law, PLLC, and for his Complaint against the above-named Defendants, states as follows:

1

John Clouse v. County of Van Buren and Deputy Whitmore　　　　　Michael L. Jones, Esq.
Case No.:　　　　　Jon R. Marko, Esq.

## NATURE OF ACTION

1. Plaintiff John Clouse brings this action against the County of Van Buren and Deputy Randy Whitmore seeking among other things compensatory damages arising out of the Defendants' excessive force and gross negligence.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the federal claims raised in this action pursuant to 28 U.S.C § 1331.

3. This Court has supplemental jurisdiction over the state law claims raised in this action because they are so related to the federal claim in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper under 28 U.S.C. § 1391.

5. Plaintiff, John Clouse, is a citizen of the United States and a resident of Bangor, Van Buren County, Michigan.

6. Defendant, Randy Whitmore, is a Sheriff employed by Defendant, the County of Van Buren, and was at all times material acting within the scope of his employment and under color of state law.

7. Defendant County of Van Buren is a Michigan municipal corporation, and is charged with the duty to supervise, manage, and control its Sheriffs to prevent the violation of the civil rights of citizens.

2

John Clouse v. County of Van Buren and Deputy Whitmore　　　　　　　　　　Michael L. Jones, Esq.
Case No.:　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Jon R. Marko, Esq.

## STATEMENT OF FACTS

8. On or about December 10, 2020, at approximately 5:25 PM, Plaintiff John Clouse operated his motorcycle on County 687 Road near intersection County 376 Road in the City of Hartford, County of Van Buren.

9. At the mentioned time and place, Defendant Deputy Randy Whitmore, in a marked Van Buren County Sheriff's vehicle, pulled up behind Mr. Clouse's motorcycle and turned on the flashing lights and siren of the vehicle.

10. Mr. Clouse pulled his motorcycle over to the side of the road.



**(Mr. Clouse Clearly Stopped and Safely Pulled Over to Side of the Road)**



11. At all times material, Deputy Whitmore had a duty under the Fourteenth Amendment to the Constitution of the United States to refrain from the use of excessive

3

John Clouse v. County of Van Buren and Deputy Whitmore                Michael L. Jones, Esq.
Case No.:                                                              Jon R. Marko, Esq.

force in stopping Mr. Clouse's motorcycle, investigating any traffic offenses of which he suspected Mr. Clouse may have been guilty and in taking Mr. Clouse into custody.

12. Notwithstanding that duty, Deputy Whitmore ran Mr. Clouse over with his vehicle.





**(Moment of Impact when Deputy Whitmore Crashed into Mr. Clouse)**



**(Mr. Clouse's Head Snapping Back After Whitmore Crashed into Him)**

4

John Clouse v. County of Van Buren and Deputy Whitmore  Michael L. Jones, Esq.
Case No.:  Jon R. Marko, Esq.

13. As a result of the Defendants' actions, Mr. Clouse has suffered and will continue to suffer, including but not limited to, the following:

a. Traumatic head injury;

b. Neck pain;

c. Back pain;

d. Dizziness;

e. Concussion;

f. Stress;

g. Humiliation;

h. Non-economic damages;

i. Economic damages;

j. Punitive damages;

k. All other injuries to be discovered throughout discovery;

l. Attorney fees and costs.

## COUNT I
### 42 U.S.C. § 1983 VIOLATION OF 4TH AND 14TH AMENDMENTS

14. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

15. Plaintiff had a constitutional right under the Fourth Amendment not to be subjected to the use of excessive force by Defendants, as well as the right to be free from

5

John Clouse v. County of Van Buren and Deputy Whitmore    Michael L. Jones, Esq.
Case No.:    Jon R. Marko, Esq.

a deprivation of liberty, property, bodily security, and integrity without due process of law, and the right to be free from unlawful search and seizure.

16. The degree of force used by Defendant Whitmore was objectively unreasonable and excessive in light of the circumstances.

17. The conduct of Defendant Whitmore in using excessive force violated Mr. Clouse's rights under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

18. On or about December 10, 2020, Defendant Whitmore ran Mr. Clouse over with a Van Buren County Sheriff's Office vehicle.

19. At all times relevant, Defendant Whitmore acted under color of law, was required to obey the laws of the United State including those law identified and described in the 4th Amendment to the United States Constitution.

20. The conduct of Defendant Whitmore violated 42 U.S.C § 1983.

21. By violating Mr. Clouse's constitutional right under the Fourth Amendment, Defendants acted intentionally or with deliberate indifference and/or reckless disregard of Mr. Clouse's constitutional rights.

22. The constitutional right which Defendants violated was clearly established at the time that the violation occurred and a reasonable person in the Defendant's position would have understood the conduct violated said right.

23. Defendants are therefore not entitled to qualified immunity.

24. By virtue of Defendants' actions, Mr. Clouse suffered, and continues to suffer damages, including, but not limited to:

    a. Head trauma;

    b. Physical pain;

    c. Mental suffering;

    d. Discomfort;

    e. Fright and shock;

    f. Embarrassment, humiliation or mortification;

    g. Denial of social pleasures and enjoyment;

    h. Medical bills and expenses;

    i. Other economic losses

    j. Any and all injuries later discovered or otherwise allowed under Michigan law.

    k. By virtue of Defendants' actions, Mr. Clouse is entitled to recover compensatory and punitive damages.

## COUNT II
### Gross Negligence
### (As to Defendant Whitmore)

25. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

26. "Gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results. MCL § 691.1407(8)(a).

7

John Clouse v. County of Van Buren and Deputy Whitmore   Michael L. Jones, Esq.
Case No.:   Jon R. Marko, Esq.

27. At the aforementioned time and place, Defendant Whitmore running over Mr. Clouse was so reckless, it demonstrated a substantial lack of concern for whether an injury resulted.

28. Defendant Whitmore carelessly, negligently, and recklessly slammed his vehicle into Mr. Clouse, thereby causing severe and permanent injuries.

29. Defendant Whitmore, while operating a vehicle upon the public roads in Van Buren County, State of Michigan, owed certain duties and responsibilities to operate said vehicle in a lawful, careful, and prudent manner, with due diligence and regard for other vehicles and persons lawfully upon said roadways.

30. Defendant Whitmore negligently, carelessly, and recklessly breached said duties and responsibilities in the following manner, including but not limited to:

   a. Operating said motor vehicle at a high rate of speed, greater than would permit Defendant to stop said vehicle within the assured, clear distance ahead, taking into consideration prevailing road, weather, traffic, and any and all other conditions then and there existing, in violation of MCL 257.627 and appropriate amendments thereto;

   b. Operating said motor vehicle at a dangerous and illegal speed so as to endanger the person and property of others upon the highway, and Mr. Clouse in particular, contrary to MCL 257.627 and appropriate amendments thereto;

   c. Driving without due care and caution and in a manner so as to endanger vehicles and individuals, and Mr. Clouse in particular, by failing to keep said vehicle under control so as to avoid a collision contrary to MCL 257.626(b);

   d. Failing to keep a proper lookout for other vehicles lawfully upon the highway in light of existing road and traffic conditions;

8

John Clouse v. County of Van Buren and Deputy Whitmore           Michael L. Jones, Esq.
Case No.:                                                         Jon R. Marko, Esq.

    e. Driving a motor vehicle in a negligent, careless, and reckless manner and with willful disregard for the safety of others upon the highway, and Mr. Clouse in particular, and without due caution and circumspection and at a speed so as to endanger persons and property, contrary to MCL 257.626 and appropriate amendments thereto;

    f. Operating said motor vehicle without proper and reasonable observation of conditions then and there existing and without drawing reasonable and proper conclusions which were necessary at the time and under the circumstances, so as to reduce the speed of said and/or bringing same to a stop or alter the course of said vehicle;

    g. Performing other acts of negligence not yet known to Mr. Clouse but will be ascertained during the discovery of said litigation.

31. As a direct and proximate result of Defendant's unlawful actions, Mr. Clouse has suffered and continues to suffer injuries and damages.

32. Prior to the collision, Mr. Clouse was reasonably strong and healthy, engaged in the normal activities of life.

33. As a direct and proximate result of the negligence of Defendant, an objectively manifested impairment has affected Mr. Clouse's ability to lead a normal life.

34. As a direct and proximate result of the negligence of Defendant, Mr. Clouse has suffered, and will continue to suffer in the future, pain, humiliation, permanent scarring, disfigurement, mental anguish, embarrassment, gross indignity, and inconvenience because of the permanent nature of said injuries.

35. As a direct and proximate result of the negligence of Defendant, Mr. Clouse was forced to seek care and treatment from hospitals, physicians, and specialists; Mr. Clouse has expended large sums of money for said care and treatment and will continue to expend such sums in the future.

9

John Clouse v. County of Van Buren and Deputy Whitmore     Michael L. Jones, Esq.
Case No.:     Jon R. Marko, Esq.

36. As a direct and proximate result of the negligence of Defendant, and the injuries sustained, Mr. Clouse has suffered the loss of enjoyment of life and is unable to indulge in those normal daily and recreational activities indulged in prior to the occurrence of this incident.

37. At the time of the occurrence of this incident, Mr. Clouse was remuneratively employed and have sustained considerable wage loss and will continue to sustain such wage loss in the future.

WHEREFORE, Plaintiffs pray this Honorable Court enter its Judgment against Defendant for whatever amount in excess of twenty-five thousand ($25,000.00) dollars to which Plaintiff may be found to be entitled by the trier of fact, together with costs, interest, and attorney's fees so wrongfully incurred.

## COUNT III
### Liability of Van Buren County Under
### Motor Vehicle Exception to Governmental Immunity

38. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

39. Defendant County of Van Buren is liable for any / all injuries sustained by Mr. Clouse as a result of the incident pursuant to MCL 691.1405.

40. The motorized vehicle being used by the Defendant Whitmore in this case to transport him on a public road is a "motor vehicle" under MCL 691.1405.

10

John Clouse v. County of Van Buren and Deputy Whitmore            Michael L. Jones, Esq.
Case No.:                                                          Jon R. Marko, Esq.

41.  Therefore, the Defendant Van Buren County does not have any immunity in this matter and is responsible for the negligence of its officers, agents, and/or employees in this case.

WHEREFORE, Plaintiffs pray this Honorable Court enter its Judgment against Defendants, for whatever amount in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS to which Plaintiffs may be found to be entitled by the trier of fact, together with costs, interest and attorney fees so wrongfully incurred.

Respectfully submitted,

*/s/ Michael L. Jones*
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: michael@markolaw.com

Date: June 13, 2022

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, JOHN CLOUSE, by and through his attorneys, MARKO LAW, PLLC, and hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

*/s/ Michael L. Jones*
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: michael@markolaw.com

Date: June 13, 2022

11

John Clouse v. County of Van Buren and Deputy Whitmore  Michael L. Jones, Esq.
Case No.:  Jon R. Marko, Esq.